THE STATE, DEFENDANT IN ERROR, v. GEORGE HOCKER, PLAINTIFF IN ERROR.

Submitted December 17, 1914—Decided March 5, 1915.

Upon the trial of a defendant for assault and battery, testimony of threats of violent grievous bodily harm made against him by the person assaulted, and communicated to the defendant prior to the assault, is admissible in evidence to show the apparent necessity of self-defence, and the exclusion of such evidence is legal error.

On error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the plaintiff in error, *King & Vogt.*

For the defendant in error, *Charlton A. Reed.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff in error was convicted of assault and battery upon one Edward Forrest. The defence was self-defence. By the law of the case, by which in this connection is meant the law as laid down in the charge under which the conviction was had, the test to be applied to this defence by the jury was embodied in the following proposition: "A person in bodily fear and apprehensive as to his safety is justified in using such force to protect himself from bodily harm or injury as a reasonable man under the same circumstances would be justified in believing necessary to pro-

tect himself from bodily harm or injury at the hands of another."

Throughout the trial the accused made repeated attempts to introduce in evidence the fact that Forrest had made threats of violent and grievous bodily harm against him, which had been communicated to him prior to the assault, from which, as he claimed, he had defended himself. The overruling of this evidence was legal error manifestly injurious to the accused upon the trial theory under which he was convicted. By that theory the defence would be made out if the jury under the same circumstances as those that confronted the accused would as reasonable men have believed it. necessary for their bodily protection to act as he did. But how were the jury to place themselves in the same circumstances as those that operated upon the accused and appreciate their force unless they were permitted to know what such circumstances were; and of all such circumstances the most potent was, or may have been so thought by the jury, the fact that the accused's assailant had repeatedly threatened to do just what he appeared to be seeking the occasion to do, viz., to inflict upon him grievous if not fatal bodily injuries.

It will not do to meet this substantial part of the defendant's case, as the state attempts to do, by quoting from *State* v. *Tolla,* 72 *N. J. L.* 515, these words from Mr. Justice Reed's opinion: "If all the testimony inferentially possible in the light of what was offered and overruled had been introduced, it would not in itself have afforded the slightest ground of justification for this battery."

This was true under the peculiar facts of that case, but in the very next sentence the general rule of law that applies to the case now before us was clearly stated, viz.: "The testimony of the previous acts and threats was only admissible to illustrate some possible feature of the actual occurrence which might if thus illustrated have led the jury to believe that the defendant had reasonable ground to conclude that his life * * * was so menaced as to excuse the shooting."

In the case before us the actual occurrence would have been illustrated, i. e., have appeared as it did to the defendant, if

the threats of Forrest and the state of mind thus illustrated were known to the jury, hence the exclusion of the evidence in question was injurious error for which the judgment must be reversed.